UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATTHEW R. SCHANTZ, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:12-cv-1873 |
| BINGHAM GREENEBAUM DOLL LLP, | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Matthew R. Schantz ("Schantz"), by counsel, files this Complaint and Demand for Jury Trial against his former law firm, Bingham Greenebaum Doll LLP ("BGD"), and states as follows:

**I.   PARTIES, VENUE AND JURISDICTION**

1.  Schantz is a resident of Westfield, Hamilton County, Indiana, which is in the Southern District of Indiana, Indianapolis Division.

2.  BGD is a Delaware limited liability partnership organized and existing under the laws of the State of Delaware.

3.  BGD has its principal place of business in Louisville, Kentucky.

4.  BGD has an office in Indianapolis and regularly conducts business in Indianapolis, Indiana.

5.  For several years leading up to his voluntary resignation on June 8, 2012, Schantz was an equity partner in BGD and one of its predecessor entities, Bingham McHale LLP ("BM"), working from the Indianapolis office.

6.  This Court has original jurisdiction over this case because the parties are citizens of different states and the amount in controversy exceeds $75,000.

1

7. Venue is proper in this court because a substantial portion of the events giving rise to this claim occurred in this judicial district.

## II. FACTUAL ALLEGATIONS

8. In April of 2005, Schantz was hired laterally as an equity partner by BM.

9. As an equity partner, Schantz signed a written partnership agreement with BM on or about April 2005.

10. As an equity partner, Schantz was required by the BM partnership agreement to make capital contributions set by the BM partnership to the BM capital account. Schantz made capital contributions over a period of years.

11. Through a merger that was negotiated in 2011, BM and a Kentucky- and Ohio-based firm, Greenebaum Doll McDonald LLC, were merged into Bingham Greenebaum Doll LLP effective January 2, 2012.

12. In connection with the merger, BGD required Schantz to make an additional capital contribution to the BGD capital account.

13. As of June 8, 2012, Schantz's capital contributions to BM and BGD totaled $32,846.98.

14. By way of the merger, Schantz's capital contributions to BM became an asset of BGD.

15. Effective January 2, 2012, BM ceased to exist, and the BM partnership agreement terminated.

16. Effective January 2, 2012, Greenebaum Doll McDonald LLC ceased to exist, and the Greenebaum Doll McDonald LLC partnership agreement terminated.

17. As of his voluntary resignation on June 8, 2012, Schantz had neither received a draft nor signed a partnership agreement for BGD.

18. On June 8, 2012, Schantz presented the BGD Indianapolis Office Managing Partner with a letter of resignation. Schantz and the Office Managing Partner agreed that Schantz's resignation from the firm would be effective the same day.

19. From the time BGD came into existence on January 2, 2012, through Schantz's date of voluntary resignation on June 8, 2012, no other equity partners voluntarily dissociated from BGD.

20. Until Schantz's resignation, BGD demanded no sum from an equity partner as a result of the partner's voluntary dissociation from the firm.

21. At no time up until Schantz's resignation did he receive communications from other partners or from BGD's management committee regarding how a voluntary dissociation from BGD would be handled.

22. At no point between the creation of BGD and Schantz's resignation did any partner or management committee member take any actions that would provide an equity partner with an indication as to how an equity partner's voluntary dissociation from the firm would be handled absent a signed BGD partnership agreement.

23. As of June 8, 2012, Schantz's ownership percentage and interest in the distributions from BGD was 0.6665%.

24. BGD has not paid to Schantz any consideration for return of his capital or partnership interest, or any portion thereof.

25. BGD did not pay Schantz any compensation for the period of June 1-8, 2012, despite Schantz having worked those days.

26. BGD has not paid Schantz since the partner draws on May 31, 2012.

27. BGD kept all of Schantz's accounts receivable and all of Schantz's work in progress after his dissociation from the firm.

28. BGD has demanded payment from Schantz for amounts which BGD claims Schantz's partner draws during the first five months of 2012 exceed Schantz's equity share of the net income of the business over that same period.

29. BGD has claimed an offset from Schantz's buyout based on the alleged shortfall of the firm's net income relative to the BGD partner draws paid to Schantz from January 1 to May 31, 2012.

### III. LEGAL ALLEGATIONS

**Count I: Violation of the Delaware Revised Uniform Partnership Act**

30. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

31. Because BGD had no partnership agreement in place at the time of Schantz's dissociation from BGD, and BGD is a Delaware LLP, the Delaware Revised Uniform Partnership Act governs Schantz's dissociation from the firm.

32. Under Del. Cod. Ann. Tit. 6, § 15-701(a)-(b), Schantz, as a dissociated partner, is entitled to have BGD buy out his equitable partnership interest in BGD, including payment of interest thereon.

33. Schantz has demanded payment from BGD to buy out his partnership interest in BGD.

34. Under Del. Cod. Ann. Tit. 6, § 15-701(b), Schantz is entitled to payment for the fair value of his economic interest in BGD as of June 8, 2012, based upon Schantz's right to

share in distributions from the partnership, plus interest from the date of dissociation to the date of payment.

35. To date, BGD has failed to refund Schantz's capital contributions to BGD.

36. To date, BGD has failed to buy out Schantz's 0.6665% equitable partnership interest in BGD.

37. Upon information and belief, as of June 8, 2012, Schantz's equitable partnership interest in BGD had a fair value in excess of $180,000.00.

38. To date, BGD has acted arbitrarily, vexatiously, and not in good faith in its failure to tender payment or an offer of payment to Schantz for his equitable partnership interest in BGD and for its failure to comply with Del. Cod. Ann. Tit. 6, § 15-701(g).

## IV.    RELIEF REQUESTED

Schantz requests the following relief:

a. A buyout of his 0.6665% equitable partnership interest in BGD equal to the fair value of that interest in the assets of the partnership as of June 8, 2012;

b. A return of his capital contributions to BGD;

c. Compensatory damages;

d. Liquidated damages;

e. Interest on past due payments;

f. All costs and reasonable attorney's fees incurred as a result of the litigation of this action;

g. Pre-judgment and post-judgment interest; and

h. All other legal and/or equitable relief to which Schantz is entitled.

Respectfully submitted,

*/s/ Kathleen A. DeLaney*
Kathleen A. DeLaney (#18604-49)
Mark Plantan (#30808-53)
DeLaney & DeLaney LLC
3646 Washington Blvd.
Indianapolis, IN 46205

## JURY DEMAND

Plaintiff, Matthew R. Schantz, by counsel, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Kathleen A. DeLaney*
Kathleen A. DeLaney (#18604-49)
Mark Plantan (#30808-53)
DeLaney & DeLaney LLC
3646 Washington Blvd.
Indianapolis, IN 46205